USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

THE MARTIN HILTI FAMILY TRUST,           :      13 Civ. 657 (PGG)(HBP)

                        Plaintiff,       :

                                                 OPINION
        -against-                        :       AND ORDER

KNOEDLER GALLERY, LLC d/b/a              :
"Knoedler & Company," et al.,

                                         :

                        Defendants.
                                         :
------------------------------------X


        PITMAN, United States Magistrate Judge:


I.  Introduction


        By notice of motion dated November 10, 2015 (Notice of

Motion for Leave to File a Second Amended Complaint, dated

November 10, 2015 (Docket Item ("D.I.") 148)), plaintiff, the

Martin Hilti Family Trust (the "Hilti Trust"), moves for leave to

file a second amended complaint to add allegations in support of

its claims that defendant Michael Hammer was, at all times

relevant to this action, the alter ego of defendants 8-31 Hold-

ings, Inc. ("8-31") and Knoedler Gallery LLC d/b/a "Knoedler &

Company" ("Knoedler").

II. Facts[1]

The Hilti Trust's instant motion arises from a Memoran-
dum Opinion and Order Judge Gardephe issued on September 30 of
this year (the "September 30 Order") addressing defendants'
motions to dismiss all claims in this action and the related
actions entitled France Hamilton White v. Freedman, et al., 13
Civ. 1193 (PGG)(HBP), and The Arthur Taubman Trust, et al. v.
Knoedler Gallery, LLC, et al., 13 Civ. 3011 (PGG)(HBP). Martin
Hilti Fam. Trust v. Knoedler Gallery, LLC, supra, 2015 WL
5773895.

Prior to defendants' making their motions to dismiss, a
conference was held before Judge Gardephe during which he in-
quired whether plaintiffs in each of the three actions
"intend[ed] to stand on their complaints in their present form or
. . . wish[ed] to amend before we go on with motion practice?"
(Transcript of Proceedings, dated June 19, 2014 (D.I. 73) ("June
19, 2014 Conference Transcript"), at 5:9-22). Counsel for the
Hilti Trust stated that the Hilti Trust intended to stand on its

---

[1]A comprehensive recitation of the events giving rise to
this action is set forth in Judge Gardephe's Memorandum Opinion
and Order dated September 30, 2015. Martin Hilti Fam. Trust v.
Knoedler Gallery, LLC, —-- F. Supp. 3d —--, 13 Civ. 0657 (PGG),
13 Civ. 1193 (PGG), 13 Civ. 3011 (PGG), 2015 WL 5773895 (S.D.N.Y.
Sept. 30, 2015) (Gardephe, D.J.). The reader's familiarity with
Judge Gardephe's Memorandum Opinion and Order is assumed.

2

pleading (June 19, 2014 Conference Transcript, at 6:2-12). In
the same conference, however, counsel for the Hilti Trust also
requested that discovery commence as to Hammer's role in the
events giving rise to the Hilti Trust's claims (June 19, 2014
Conference Transcript, at 28:5-18). Judge Gardephe responded by
referring all discovery matters, including the Hilti Trust's
request, to me (June 19, 2014 Conference Transcript, at 28:19-
23).

        On August 15, 2014, defendants filed their motions to
dismiss (see, e.g., Notice of Motion to Dismiss of Michael
Hammer, dated August 15, 2014 (D.I. 91); Notice of Motion to
Dismiss of Knoedler Gallery, LLC and 8-31 Holdings, Inc., dated
August 15, 2014 (D.I. 93)). The Hilti Trust opposed the motions
and, in its opposition papers, requested "leave to further
replead based on additional information adduced in discovery" if
the Court granted the motions (Plaintiff the Martin Hilti Family
Trust's Memorandum of Law in Opposition to the Motions by Defen-
dants 8-31 Holdings, Inc., Michael Hammer and Hammer Galleries,
LLC to Dismiss the Amended Complaint, dated October 7, 2014 (D.I.
99) ("Pl. First Opp. Memo to Motions to Dismiss"), at 35 n.14;
Plaintiff the Martin Hilti Family Trust's Memorandum of Law in
Opposition to the Motions by Defendants Knoedler Gallery LLC
d/b/a/ Knoedler & Company and Ann Friedman to Dismiss the Amended

3

Complaint, dated October 7, 2014 (D.I. 100) ("Pl. Second Opp. Memo to Motions to Dismiss"), at 35 n.11).  During the pendency of the motions, the parties engaged in discovery, including discovery concerning the Hilti Trust's alter-ego allegations (see Order, dated February 13, 2015 (D.I. 115), ¶ 1; Order, dated May 28, 2015 (D.I. 121), ¶ 3; Revised Case Management Plan and Scheduling Order, dated July 17, 2015 (D.I. 128) ("Scheduling Order"), ¶ 3).

In the September 30 Order, Judge Gardephe dismissed the Hilti Trust's alter-ego claims against Hammer for failure to state claims pursuant to Fed.R.Civ.P. 12(b)(6) but denied Hammer's motion to dismiss the alter-ego claims as pled in the White action.  Martin Hilti Fam. Trust v. Knoedler Gallery, LLC, supra, 2015 WL 5773895 at *51-*53.  In the September 30 Order, Judge Gardephe did not address the Hilti Trust's application for leave to replead.  Martin Hilti Fam. Trust v. Knoedler Gallery, LLC, supra, 2015 WL 5773895.

In its proposed second amended complaint, the Hilti Trust attempts to cure the deficiencies in its earlier pleading by adding several new allegations regarding Hammer's domination and control of 8-31 and Knoedler, including, among other things, allegations that Hammer:

4

- treated 8-31 and Knoedler "as a single economic entity and indiscriminately moved funds between the entities and himself whenever he liked without proper documentation";

- "used Knoedler's and/or 8-31's funds as his own personal funds, without regard to corporate sepa- ration or formalities, to pay for dozens of per- sonal expenses, including . . . hundreds of thou- sands of dollars in luxury car leases[,] . . . tens of thousands of dollars in first-class flights and/or hotels for vacations [and] . . . tens of thousands of dollars in various shopping" for his family;

- "caused Knoedler to issue corporate American Ex- press business cards to his ex-wife and two sons, none of whom was ever employed by Knoedler" and

- "disregarded corporate and contractual formalities in connection with the closing of Knoedler in November 2011."

(Proposed Second Amended Complaint, attached as Ex. A to the Declaration of James A. Janowitz, Esq., dated November 10, 2015 (D.I. 150) ("Second Am. Compl."), ¶¶ 277-78, 283-84, 291).

5

III. Analysis

A.  Legal Standards

        The standards applicable to a motion for leave to amend
a pleading are well-settled and require only brief review.  In
general, a motion for leave to amend is governed by Fed.R.Civ.P.
15(a), which provides that leave to amend should be freely
granted "when justice so requires."  Foman v. Davis, 371 U.S.
178, 182 (1962); McCarthy v. Dun & Bradstreet Corp., 482 F.3d
184, 200 (2d Cir. 2007).  Additionally, "[i]t is the usual
practice upon granting a motion to dismiss to allow leave to
replead."  Schindler v. French, 232 F. App'x 17, 19 (2d Cir.
2007) (summary order) (brackets in original), quoting Cortec
Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 50 (2d Cir.
1991).  "Nonetheless, a 'district court has discretion to deny
leave for good reason, including futility, bad faith, undue
delay, or undue prejudice to the opposing party.'"  Sissel v.
Rehwaldt, 519 F. App'x 13, 17 (2d Cir. 2013) (summary order),
quoting Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009).

        "With respect to futility, a proposed amendment is
evaluated on a motion to dismiss standard."  Schoolcraft v. City
of New York, 81 F. Supp. 3d 295, 299 (S.D.N.Y. 2015) (Sweet,
D.J.), citing Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d

6

162, 185 (2d Cir. 2012), and Mina Inv. Holdings, Ltd. v.

Lefkowitz, 184 F.R.D. 245, 258 (S.D.N.Y. 1999) (Sweet, D.J.).   To

determine whether a non-moving party would be unduly prejudiced

by a proposed amendment, a court considers whether granting

amendment would "(i) require the opponent to expend significant

additional resources to conduct discovery and prepare for trial;

(ii) significantly delay the resolution of the dispute; or (iii)

prevent the plaintiff from bringing a timely action in another

jurisdiction."  Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275,

284 (2d Cir. 2000) (internal quotations and citations omitted).

              "The party opposing an amendment has the burden of

establishing that leave to amend would be prejudicial or futile."

Staskowski v. Cty. of Nassau, No. 05CV5984(SJF)(WDW), 2007 WL

4198341 at *4 (E.D.N.Y. Nov. 21, 2007); accord Lugosch v. Congel,

No. 00-CV-784, 2002 WL 1001003 at *1 (N.D.N.Y. May 14, 2002)

(citations omitted).  Finally, the Court of Appeals has repeat-

edly noted that "[a] district court has broad discretion in

determining whether to grant leave to amend."  Gurary v.

Winehouse, 235 F.3d 792, 801 (2d Cir. 2000) (collecting cases).

              When a motion to amend is made after the deadline set

for such motions in a Rule 16 Order, a party must meet a more

rigorous standard.  "Where a scheduling order has been entered,

the lenient standard under Rule 15(a), which provides leave to

amend 'shall be freely given,' must be balanced against the
requirement under Rule 16(b) that the Court's scheduling order
'shall not be modified except upon a showing of good cause.'"
Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003),
citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d
Cir. 2000); see also Kassner v. 2nd Ave. Delicatessen Inc., 496
F.3d 229, 243 (2d Cir. 2007) ("Rule 16(b) also may limit the
ability of a party to amend a pleading if the deadline specified
in the scheduling order for amendment of the pleadings has
passed.").

> To satisfy the good cause standard "the party must show
> that, despite its having exercised diligence, the
> applicable deadline could not have been reasonably
> met." Sokol Holdings, Inc. v. BMD Munai, Inc., No. 05-
> CV-3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14,
> 2009) (citing Rent-A-Center Inc. v. 47 Mamaroneck Ave.
> Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). However,
> the good cause standard is not satisfied when the
> proposed amendment rests on information "that the party
> knew, or should have known, in advance of the
> deadline." Id. (collecting cases).

Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y.
2010). "The district court, in the exercise of its discretion
under Rule 16(b), also may consider other relevant factors
including, in particular, whether allowing the amendment of the
pleading at this stage of the litigation will prejudice defen-
dants." Kassner v. 2nd Ave. Delicatessen Inc., supra, 496 F.3d

8

at 244; see Gorman v. Covidien Sales, LLC, 13 Civ. 6486 (KPF),
2014 WL 7404071 at *2 (S.D.N.Y. Dec. 31, 2014) (Failla, D.J.).

## B.  Application

As an initial matter, defendants argue that the Hilti
Trust's motion should be analyzed under the "good cause" standard
of Rule 16(b), and not the more liberal standard of Rule 15(a),
because the scheduling order in this action provides that a party
may not amend its pleading without leave of the court (Scheduling
Order, ¶ 3).  Here, the scheduling order did not set any deadline
for amending the pleadings.  Accordingly, because the Hilti Trust
does not seek relief from any deadline set in the scheduling
order, Rule 16(b) does not apply, and the standards of Rule 15(a)
govern the instant motion.

Defendants' next argument is that, even under Rule
15(a)'s more liberal standard, the Hilti Trust should not be
permitted leave to amend because its counsel represented to Judge
Gardephe during the June 19, 2014 conference that the Hilti Trust
intended to stand on its pleadings.  In support of this argument,
defendants cite to Prince v. Suffolk Cty. Dep't Health Servs., 89
Civ. 7234 (LAP), 89 Civ. 8085 (LAP), 1995 WL 144782 (S.D.N.Y.
Apr. 3, 1995) (Preska, D.J.).

Prince is distinguishable from the instant case. In Prince, the plaintiff moved for leave to file a second amended complaint to add, among other things, a claim under 42 U.S.C. § 1983 despite the facts that (1) the plaintiff had been "warned in no uncertain terms that he would be permitted only one amendment" and (2) the plaintiff's counsel had "unequivocally represented on the record in open court" that the plaintiff would not pursue a § 1983 claim. Prince v. Suffolk Cty. Dep't of Health Servs., supra, 1995 WL 144782 at *7. Furthermore, in denying leave to amend, the court in Prince also found that the proposed amendments were futile. Prince v. Suffolk Cty. Dep't of Health Servs., supra, 1995 WL 144782 at *7-*10.

While counsel for the Hilti Trust did indicate to Judge Gardephe in the June 19, 2014 conference that the Hilti Trust intended to stand on its pleadings, the Hilti Trust's papers in opposition to the motions to dismiss also requested leave to amend to add new facts learned during discovery if any of its claims were dismissed (Pl. First Opp. Memo to Motions to Dismiss, at 35 n.14; Pl. Second Opp. Memo to Motions to Dismiss, at 35 n.11). Further, the Hilti Trust's proposed second amended complaint includes allegations learned in discovery conducted after Judge Gardephe's September 30 Order (see, e.g., Plaintiff the Martin Hilti Family Trust's Memorandum of Law in Support of

10

Its Motion for Leave to File a Second Amended Complaint, dated
November 10, 2015 (D.I. 149), at 3-4; Declaration of Charles D.
Schmerler, Esq., dated November 17, 2015 (D.I. 155), Exs. B, D).[2]

Lastly, unlike the proposed amendment in Prince, the
Hilti Trust's proposed second amended complaint is not futile; it
includes several new allegations regarding Hammer's domination
and control of 8-31 and Knoedler that appear to be sufficient to
plead alter-ego liability (Second Am. Compl., ¶¶ 266-95),
including the allegations that Judge Gardephe held were
sufficient to state alter-ego claims against Hammer in the White
action. Martin Hilti Fam. Trust v. Knoedler Gallery, LLC, supra,
2015 WL 5773895 at *51-*52.[3]

Defendants' final argument appears to be that granting
the Hilti Trust leave to amend would be prejudicial to Hammer
(Defs. Opp. Memo, at 7 ("Having expended the resources to file a
successful Rule 12 motion based upon plaintiff's stated commit-

_____

[2]Defendants contend that a full review of the purported
"new" evidence cited by the Hilti Trust "does not support" an
alter-ego claim (Memorandum of Law in Opposition to Plaintiff's
Motion for Leave to File a Second Amended Complaint, dated
November 17, 2015 (D.I. 154) ("Defs. Opp. Memo"), at 3-5). This
is a factual dispute that I cannot resolve on a motion for leave
to amend. Amaya v. Roadhouse Brick Oven Pizza, Inc., 285 F.R.D.
251, 255 (E.D.N.Y. 2012) ("[T]he Court will not resolve [a
factual dispute] on a motion to amend.").

[3]I also note that defendants do not argue that the Hilti
Trust's proposed amendments are futile.

ment, Mr. Hammer should not be required to defend a claim that was [originally] insufficiently pled.")). However, as defendants concede in their opposition papers, the <u>alter-ego</u> claims made by the plaintiff in the related <u>White</u> action survived defendants' motions to dismiss (Defs. Opp. Memo, at 6). Therefore, Hammer is not prejudiced if the Hilti Trust's motion is granted because he will be defending <u>alter-ego</u> claims and will be subject to <u>alter-ego</u> discovery regardless of the outcome of the instant motion. <u>See generally Block v. First Blood Assocs.</u>, 988 F.2d 344, 351 (2d Cir. 1993) (affirming the district court's grant of the defendants' motion to amend their answer where the plaintiffs "argue[d] that they were prejudiced solely because of the time, effort and money they expended in litigating th[e] matter"); <u>Pasternack v. Lab. Corp. of Am.</u>, 892 F. Supp. 2d 540, 550 (S.D.N.Y. 2012) (Gardephe, D.J.) ("The only prejudice that [defendant] cites is that it will be forced to return to a proceeding after the claims against it were dismissed. This is not unfair prejudice, however, if the claims made by [plaintiff] meet the <u>Iqbal/ Twombly</u> standard."); <u>see also United States v. Continental Ill. Nat'l Bank & Trust Co.</u>, 889 F.2d 1248, 1255 (2d Cir. 1989) ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.").

Finally, denying the Hilti Trust's motion would create a risk of inconsistent verdicts. The <u>alter-ego</u> allegations in the Hilti Trust's proposed second amended complaint and in the <u>White</u> complaint assert that Hammer dominated Knoedler and 8-31 as a general practice. The allegations are not limited to his conduct with respect to one specific painting. Thus, denial of the Hilti Trust's motion could result in Hammer's being found to be Knoedler's <u>alter ego</u> in the <u>White</u> action but not in this action, a result that would be particularly bizarre if the matters are consolidated for trial.

IV.   <u>Conclusion</u>

Because defendants have not met their burden of showing either that they would be prejudiced by granting the Hilti Trust's motion or that the Hilti Trust's proposed amendments are futile, the Hilti Trust's motion for leave to amend is granted. The Hilti Trust is directed to serve and file its second amended complaint no later than December 31, 2015.

13

Dated:   New York, New York
         December 21, 2015

                              SO ORDERED

                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All parties