UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE MARTIN HILTI FAMILY TRUST,

                Plaintiff,

-against-

KNOEDLER GALLERY, LLC
d/b/a KNOEDLER & COMPANY, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13-CV-0657 (PGG)

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE* #2:
TO EXCLUDE EVIDENCE RELATED TO DEFENDANT
MICHAEL HAMMER'S KNOWLEDGE OF OR
PARTICIPATION IN ANY ONGOING FRAUDULENT SCHEME
ALLEGED TO HAVE OCCURRED AT KNOEDLER GALLERY**

Dated: June 10, 2019

WINSLETT STUDNICKY McCORMICK & BOMSER LLP
James H. Neale
Usher Winslett
Rafael Guillermety
6 East 39th Street
New York, New York 10016
Telephone (646) 583-0765
*Attorneys for Defendants*

QUINN EMANUEL URQUHART & SULLIVAN LLP
Luke Nikas
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone (212) 849-7228
*Co-counsel for Defendant Knoedler LLC*

I.  **PRELIMINARY STATEMENT**

The remaining claims in this action – for fraud, fraudulent concealment, aiding and abetting fraud and conspiracy to defraud – are alleged to have involved "an ongoing scheme"[1] to sell forged paintings to customers of Knoedler Gallery. *See*, *e.g.*, Second Amended Complaint (Dkt. No. 163) ¶¶ 30-31. Defendant Michael Hammer was alleged to have participated directly in the frauds. *See, e.g., id.* ¶¶ 30, 412-13, 421. Hammer and defendant 8-31 Holdings are also alleged to be liable on an *alter ego* basis for the alleged fraud of Knoedler.  *Id.* ¶¶ 290-293, 402-03, 430-31.

As pleaded, the alter ego claims depend in significant part on allegations that Hammer, individually and via his alleged control of 8-31 Holdings, "exercised complete domination and management of Knoedler and used that domination and control to convey the forged work to Plaintiff thereby injuring Plaintiff." *Id*. ¶¶ 402-03, 430-31. Similarly, Plaintiff alleged that "Hammer used his complete domination and control over 8-31 and Knoedler to unilaterally make key decisions to try to keep the Scheme going …." *Id*. ¶ 292.

In its Memorandum Opinion & Order dated May 8, 2019 (Dkt. No. 253, the "SJ Decision"), this Court granted summary judgment to Hammer, dismissing Plaintiffs' fraud, fraudulent concealment, aiding and abetting fraud, aiding and abetting fraudulent concealment, conspiracy to commit fraud, and conspiracy to commit fraudulent concealment claims.  The Court ruled:

> Plaintiffs have not demonstrated that Hammer (1) had actual knowledge of an ongoing fraud scheme at the Gallery; (2) agreed to commit fraud at the Gallery; or (3) knowingly and intentionally provided substantial assistance to those allegedly defrauding the Gallery's customers. Accordingly, Hammer is entitled to summary judgment on Plaintiffs' common law fraud claims.

---

[1] The Court having dismissed Plaintiff's RICO claims, the existence of a "scheme" is no longer relevant to any injury claimed by Plaintiff, which can only have occurred as a result of its purchase of a single purported Rothko work from Knoedler Gallery in November 2002.

*Id*. at 42-43. The Court's disposition of these issues on summary judgment is law of the case, precluding them from being reopened at trial. *See Grocery Haulers, Inc. v. C&S Wholesale Grocers, Inc.*, No. 11-CV-3130, 2013 WL 342693 at *1-3 (S.D.N.Y. Jan. 29, 2013) (JSR); *Disability Advocates, Inc. v. Paterson*, No. 03-CV-3209, 2009 WL 1312112 at *1-2 (E.D.N.Y. May 8, 2009) ("This trial … will resolve disputed issues of fact; it will not be an opportunity for Defendants to present 'additional or different evidence than was before the Court on the motion for summary judgment'"); *Cary Oil Co. v. MG Refining & Marketing, Inc.*, 257 F.Supp.2d 751, 764 (S.D.N.Y. 2003) (VM) (granting motion *in limine* to preclude relitigation at trial of issues determined on summary judgment).

Accordingly, Plaintiff should be precluded at trial from offering evidence, in support of its alter ego claims or otherwise, to the effect that defendant Michael Hammer (1) had actual knowledge of an ongoing fraud scheme at the Gallery; (2) agreed to commit fraud at the Gallery; or (3) knowingly and intentionally provided substantial assistance to those allegedly defrauding the Gallery's customers.

Dated:  New York, New York
         June 10, 2019

                                               Respectfully submitted,
                                               WINSLETT STUDNICKY McCORMICK
                                               & BOMSER LLP

                                               By      *s/James H. Neale*
                                                   James H. Neale
                                                   Usher Winslett
                                                   Rafael Guillermety
                                               6 East 39th Street
                                               New York, New York 10016
                                               Telephone (646) 583-0765
                                               *Attorneys for Defendants*

Of Counsel,

QUINN EMANUEL URQUHART
& SULLIVAN LLP
Luke Nikas
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone (212) 849-7228
*Co-counsel for Defendant Knoedler LLC*