# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806                    www.pryorcashman.com

**William L. Charron**
Partner

Direct Tel: 212-326-0156
Direct Fax: 212-798-6927
wcharron@pryorcashman.com

July 2, 2019

**VIA ECF**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re:   *The Martin Hilti Family Trust v. Knoedler Gallery LLC, et al.*, **13 civ 0657**

Dear Judge Gardephe:

We are counsel to plaintiff The Martin Hilti Family Trust ("Hilti") in the above-referenced action. Trial is scheduled to commence on July 15, 2019 against defendants Knoedler Gallery LLC ("Knoedler"), 8-31 Holdings, Inc. ("8-31") and Michael Hammer ("Hammer"; collectively with Knoedler and 8-31, "Defendants"). We respectfully write to request that Defendants be instructed prior to trial not to make any assertions or references before the jury, either in opening or closing statements or during witness examinations, to the fact that the Federal Government did not indict Knoedler or its former president, Ann Freedman, in connection with Knoedler's sales of fake art. Such assertions or references before the jury, including but not limited to publishing the caption in the case of *United States v. Glafira Rosales*, would be inadmissible hearsay and unduly prejudicial to Hilti.

Courts in this Circuit, and nationwide, have repeatedly held that the fact of a non-indictment or criminal non-prosecution may not be used as evidence to rebut a claim of related civil misconduct arising out of the same incident. Evidence in a civil fraud action that "a grand jury, after being presented with plaintiffs' allegations against defendants, failed to indict defendants ... should not be offered for the purpose of rebutting any inference of defendants' wrongdoing. Such evidence constitutes impermissible hearsay, *see* Fed. R. Evid. 801(c), and is more prejudicial than probative." *Duttle v. Bandler & Kass*, No. 82-CIV-5084 (KMW), 1990 WL 113187, at *3-4 (S.D.N.Y. July 30, 1990); *see also United States v. Dames*, No. 04-CR-1247 PAC, 2007 WL 1129323, at *4 (S.D.N.Y. Apr. 12, 2007) (excluding "evidence or argument by counsel concerning the dismissal or acquittal of the charges").

"[A] judgment of acquittal is hearsay" because the "Federal Rules of Evidence except from the operation of the hearsay rule only judgments of conviction, not judgments of acquittal." *United States v. Viserto,* 596 F.2d 531, 537 (2d Cir. 1979), *cert. denied,* 444 U.S. 841 (1979); *accord United States v. Mahaffy*, 693 F.3d 113, 127 n.9 (2d Cir. 2012).



Hon. Paul G. Gardephe
July 2, 2019
Page 2

A judgment of acquittal or the fact of non-prosecution or non-indictment is irrelevant and unduly prejudicial because "a judgment of acquittal does not necessarily mean that the defendant is innocent; it means only that the government has not met its burden of proof beyond a reasonable doubt." *Gentile v. County of Suffolk,* 926 F.2d 142, 161 (2d Cir. 1991); *accord Kovalchik v. City of New York*, No. 09-CV-4546 (RA), 2017 WL 3105873, at *4 (S.D.N.Y. July 21, 2017) (stating that "evidence of acquittal in a criminal action is generally irrelevant and inadmissible in a civil case involving the same incident"); *Laverne v. Corning*, 316 F. Supp. 629, 633 (S.D.N.Y. 1970) ("[T]rying to introduce into evidence a trial court's acquittal . . . , of course, would be inadmissible since it could merely indicate, at best, that the Government had proven its case only by a preponderance of the evidence and not beyond a reasonable doubt."); *Johnson v. Mauro*, No. 516-CV-00622-BKS-DEP, 2019 WL 2336070, at *5 (N.D.N.Y. June 3, 2019) ("Such evidence is not relevant because it does not prove innocence but rather merely indicates that the prior proceeding failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime.") (quoting *United States v. Ashburn*, No. 11-cr-0303, 2015 WL 729818, at *2 (E.D.N.Y. Feb. 19, 2015)); *Cross v. Potter*, No. 3:09-CV-1293, 2010 WL 5314151, at *6 (N.D.N.Y. Dec. 20, 2010) ("It is possible for the preponderance of the evidence standard to be satisfied even if the higher beyond a reasonable doubt standard is not.").

Likewise, the jury should not be tainted by information concerning non-prosecution because "the charges may have been dropped for any number of reasons which have no bearing on Defendant's guilt." *United States v. Lopez*, No. 09-CR-525 JFK, 2010 WL 3452380, at *6 (S.D.N.Y. Sept. 1, 2010); *see also United States v. Burrell*, 43 F. App'x 403, 406–07 (2d Cir. 2002), *cert. denied*, 538 U.S. 937 (2003) (same); *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 147 (3d Cir. 2002) ("[E]vidence of non-arrest, like evidence of nonprosecution or acquittal of a crime, is generally inadmissible in a civil trial concerning the same incident."); *Munoz v. State Farm Lloyd's*, 522 F.3d 568, 573 (5th Cir. 2008) (same); *United States v. Lahey*, 55 F.3d 1289, 1296 (7th Cir. 1995) (same); *Prince v. Lockhart*, 971 F.2d 118, 122 (8th Cir. 1992) (same); *Kelly's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1253 (6th Cir. 1987) (same); *Rabon v. Great Sw. Fire Ins. Co.*, 818 F.2d 306, 309 (4th Cir. 1987) (same).

Accordingly, Hilti respectfully requests that the Court direct Defendants not to make any assertions or references before the jury to the fact that Ann Freedman and Knoedler were not indicted or prosecuted, including, but not limited, to directing Defendants not to publish the caption in *United States v. Rosales* or to draw any comparisons between the Government's indictment of Glafira Rosales and its non-prosecution of Knoedler or Ann Freedman.

Respectfully submitted,

William L. Charron

cc:   All counsel of record (via ECF)